UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Suzanne Renee Perry

    v.                                                    Civil No. 10-cv-359-JD

Michael J. Astrue, Commissioner,
United States Social Security Administration

**REPORT AND RECOMMENDATION**

    Before the court is pro se claimant Suzanne Renee Perry's response (doc. no. 8) to this court's September 20, 2010, Order, directing her to file an amended complaint stating whether she has received a final decision of the Commissioner of the Social Security Administration ("SSA") on her claim for social security disability insurance.  Perry has notified the court that she has not received a final decision on her claim, which has been pending since October 3, 2003.

    A claimant for social security disability benefits is generally required to exhaust administrative remedies before filing a lawsuit.  See 42 U.S.C. § 405(g).  To exhaust administrative remedies, a claimant must generally proceed through all stages of the administrative appeals process, which culminate in a final decision from the Commissioner, before

filing a lawsuit.  The exhaustion requirement provides the agency with an opportunity to function efficiently, correct its mistakes, and compile a complete record.  See Bowen v. City of New York, 476 U.S. 467, 484 (1986).  The exhaustion requirement may be waived in certain cases where those purposes would not served by delaying judicial review; the lawsuit presents a collateral challenge to a denial of benefits; or the plaintiff would be irreparably injured, in a manner that may not be remedied by a retroactive payment of benefits after the administrative appeals process has ended.  See id.

   Here, Perry has not alleged facts showing that the exhaustion requirement should be waived in her case.  Her filings indicate that she is pursuing a claim for benefits through the administrative process.  Because Perry's administrative claim remains pending without a final decision from the SSA Commissioner, I recommend that this action be dismissed without prejudice, to enable Perry to exhaust her administrative remedies before obtaining judicial review. Accepting this recommendation will preserve Perry's ability to file a lawsuit in the future if she intends to challenge the SSA Commissioner's final decision denying her claim for benefits.

See 42 U.S.C. § 405(g) (lawsuit may be filed up to 60 days "after" claimant receives notice of SSA Commissioner's final decision, or within such further time as Commissioner allows).

## Conclusion

I recommend dismissal of this petition without prejudice to Perry's ability to file a lawsuit after she receives a final decision of the SSA Commissioner, in accordance with 42 U.S.C. § 402(g).  Any objections to this Report and Recommendation must be filed within 14 days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  November 1, 2010

cc:  Suzanne R. Perry, pro se

LBM:nmd